■ In the Matter of JOHN G. MILLER, Respondent, v WORLD COURIER, INC., Appellant. In the Matter of JAMES R. BERGER, Appellant, v BERGER-MILLER, INC., et al., Respondents.—Appeal from order, Supreme Court, New York County, entered December 21, 1977, denying appellants' motion for a joint reference, unanimously dismissed as moot with one bill of costs and disbursements to respondents Miller and Berger-Miller, Inc. In one of the proceedings, the reference concerned the first cause of action which was subsequently satisfied. Since there remain for reference only the issues in the other proceeding, there is nothing capable of joinder with them for the purpose of the reference. Hence, this appeal is moot. Were we not dismissing the appeal for that reason, we would affirm. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.

■ ROBERT GILMARTIN, Respondent, v NORTHEAST BRONX HILLSIDE CORP. (HILLSIDE HOMES), Appellant, et al., Defendant.—Order, Supreme Court, Bronx County, entered December 12, 1978, which conditionally granted defendant's motion to dismiss this action for failure to serve a complaint, "unless plaintiff serves a complaint upon defendant within 20 days after service of a copy of this order with notice of entry", modified, on the law and the facts, to the extent of striking the condition set forth in the order, and otherwise affirmed, with costs to defendant-appellant Northeast Bronx Hillside Corp. On June 9, 1977, a summons was served commencing this action. On July 8, 1977, counsel for defendant demanded that plaintiff serve his complaint and after a lapse in excess of one year, the defendant on November 8, 1978, moved to dismiss for failure to serve a complaint. Although plaintiff defaulted, the court nevertheless granted the motion conditionally. On January 5, 1979, plaintiff served his complaint. The delay in serving the complaint was substantial, no valid reason had been presented for such delay, and there was no showing that the case had merit. There was no adequate basis for the exercise of judicial discretion in plaintiff's favor on the part of Special Term. (CPLR 3012, subd [b]; *Rascoe v Clark,* 65 AD2d 876.) Concur—Fein, J. P., Sullivan, Lane, Lupiano and Ross, JJ.

■ In the Matter of 40 SUTTON ASSOCIATES, Appellant, v FINANCE ADMINISTRATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered September 12, 1978, fixing real property tax assessments, is unanimously modified, on the law, without costs, to the extent that the judgment is vacated, the findings of valuation are affirmed, and the matter is remanded for a new trial on the issue of inequality only and appropriate judgment thereafter. The Corporation Counsel, representing the tax authorities, concedes that the petition was sufficient to raise the issue of inequality and that a remand to the trial court on this issue is required. (See *Guth Realty v Gingold,* 34 NY2d 440; *Matter of Rokowsky v Finance Administrator of City of N. Y.,* 41 NY2d 574; Real Property Tax Law, art 7; Administrative Code of City of New York, § 166-1.0, subd b, par 3.) Concur—Kupferman, J. P., Lane, Lupiano, Silverman and Lynch, JJ.